# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

HOLT'S COMPANY, a Delaware      :
Company      :
12270 Townsend Road, Philadelphia, PA      :       Civil Action No.
19154,      :       _____
     :
         Plaintiff      :
     :       JURY TRIAL DEMANDED
         v.      :
     :
ANDREW ("ANDY") MANSOUR AND      :
MARLEAN MANSOUR h/w, and      :
individually and d/b/a "ASHTON BEER      :
& WINE" and/or "ASHTON WINE      :
SHOP" and/or "ASHTON TOBACCO      :
BEER & WINE" and/or "OLD      :
WOODWARD SHOP" and/or "ASHTON      :
TOBACCO"      :
7718 Cooley Lake Road      :
Waterford, MI 48327      :
248-779-7377      :
         And      :
     :
ASHTON SHOP LLC      :
7718 Cooley Lake Road      :
Waterford, MI 48327      :
     :
         And      :
     :
ASHTON WINE SHOP LLC      :
7718 Cooley Lake Road      :
Waterford, MI 48327      :
     :
         And      :
     :
ASHTON LIQUOR SHOP LLC      :
7718 Cooley Lake Road      :
Waterford, MI 48327      :

|                                        |   |
|----------------------------------------|---|
|                                        | : |
| And                                    | : |
|                                        | : |
| AMAR SALIM                             | : |
| 28120 Woodward Ave                     | : |
| Royal Oak, MI 48067                    | : |
| and                                    | : |
| 7718 Cooley Lake Road                  | : |
| Waterford, MI 48327                    | : |
|                                        | : |
| And                                    | : |
|                                        | : |
| OLD WOODWARD TOBACCO LLC               | : |
| 7718 Cooley Lake Road                  | : |
| Waterford, MI 48327                    | : |
|                                        | : |
| And                                    | : |
|                                        | : |
| AMAR NASR KIRYAKOZA                     | : |
| 7718 Cooley Lake Road                  | : |
| Waterford, MI 48327                    | : |
|                                        | : |
| And                                    | : |
|                                        | : |
| OLD WOODWARD TOBACCO SHOP              | : |
| LLC                                    | : |
| 7718 Cooley Lake Road                  | : |
| Waterford, MI 48327                    | : |
|                                        | : |
| And                                    | : |
|                                        | : |
| OLD WOODWARD SHOP LLC                   | : |
| 7718 Cooley Lake Road                  | : |
| Waterford, MI 48327                    | : |
|                                        | : |
| Defendants.                            | : |

2

## VERIFIED COMPLAINT

Plaintiff HOLT'S COMPANY through their undersigned attorneys, bring this action against Defendants ANDREW ("ANDY") MANSOUR AND MARLEAN MANSOUR h/w, and individually and d/b/a "ASHTON BEER & WINE" and/or "ASHTON WINE SHOP" and/or "ASHTON TOBACCO BEER & WINE" and/or "OLD WOODWARD SHOP" and/or "ASHTON TOBACCO", ASHTON SHOP LLC, ASHTON WINE SHOP LLC, ASHTON LIQUOR SHOP LLC, AMAR SALIM, OLD WOODWARD TOBACCO LLC, AMAR NASR KIRYAKOZA, OLD WOODWARD TOBACCO SHOP LLC, and OLD WOODWARD SHOP LLC, and in support thereof aver as follows:

## INTRODUCTION

1.     This is an action at law and in equity for Trademark Infringement and Unfair Competition arising under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.* (1994) ("Lanham Act") and the Common Law and Statutes of Michigan.

2.     Defendants ASHTON SHOP LLC, ASHTON WINE SHOP LLC, ASHTON LIQUOR SHOP LLC, AMAR SALIM, OLD WOODWARD TOBACCO LLC, AMAR NASR KIRYAKOZA, OLD WOODWARD TOBACCO SHOP LLC, and OLD WOODWARD SHOP LLC, and its proprietors ANDREW MANSOUR and MARLEAN MANSOUR d/b/a ASHTON BEER & WINE" and/or "ASHTON WINE SHOP" and/or "ASHTON TOBACCO BEER & WINE" and/or

3

"OLD WOODWARD SHOP" and/or "ASHTON TOBACCO", are offering cigars, other tobacco products, and wine for sale using the ASHTON mark as part of their business name. Neither the Defendants, nor their business located at 7718 Cooley Lake Road, Waterford, Michigan, are connected or affiliated with, or authorized by, Plaintiff in any way to use such confusingly similar name for their business.

### THE PARTIES

3.     Plaintiff HOLT'S COMPANY (hereinafter "HOLT'S"), is a corporation organized and existing under the laws of the State of Delaware, having an office at 12270 Townsend Road, Philadelphia, Pennsylvania 19154.

4.     Defendants Andrew Mansour and Marlean Mansour, husband and wife (hereinafter "Mansours"), 48327, d/b/a "ASHTON BEER & WINE" and/or "ASHTON WINE SHOP" and/or "ASHTON TOBACCO BEER & WINE" and/or "OLD WOODWARD SHOP" and/or "ASHTON TOBACCO" (hereinafter "ASHTON TOBACCO"), upon information and belief, are residents and citizens of the state of Michigan with a principal place of business at 7718 Cooley Lake Road, Waterford, Michigan, 48327. Upon information and belief, the Mansours are the owners of the beer, wine and tobacco business located at 7718 Cooley Lake Road, Waterford, Michigan, 48327.

5.     Defendant Amar Salim (hereinafter "Salim") upon information and belief, is a resident and citizen of the State of Michigan with places of business at

7718 Cooley Lake Road, Waterford, MI 48327 and 28120 Woodward Ave, Royal Oak, MI 48067 and is upon information and belief, an owner and/or officer of ASHTON SHOP LLC AND ASHTON WINE SHOP LLC.

6. Defendant Amar Nasr Kiryakoza (hereinafter "Kiryakoza") upon information and belief, is a resident and citizen of the State of Michigan with a principal place of business at 7718 Cooley Lake Road, Waterford, MI 48327 and is upon information and belief, an owner and/or officer of ASHTON LIQUOR SHOP LLC, OLD WOODWARD TOBACCO SHOP LLC, OLD WOODWARD TOBACCO LLC, and OLD WOODWARD SHOP LLC.

7. Defendant ASHTON SHOP LLC, upon information and belief, is a limited liability company organized and existing under the laws of the State of Michigan, with a registered address and a principal place of business at 7718 Cooley Lake Road, Waterford, MI 48327.

8. Defendant ASHTON WINE SHOP LLC, upon information and belief, is a limited liability company organized and existing under the laws of the State of Michigan, with a registered address and a principal place of business at 7718 Cooley Lake Road, Waterford, MI 48327.

9. Defendant ASHTON LIQUOR SHOP LLC, upon information and belief, is a limited liability company organized and existing under the laws of the State of Michigan, with a registered address and a principal place of business at 7718

Cooley Lake Road, Waterford, MI 48327.

10.    Defendant OLD WOODWARD TOBACCO LLC, upon information and belief, is a limited liability company organized and existing under the laws of the State of Michigan, with a registered address and a principal place of business at 7718 Cooley Lake Road, Waterford, MI 48327.

11.    Defendant OLD WOODWARD TOBACCO SHOP LLC, upon information and belief, is a limited liability company organized and existing under the laws of the State of Michigan, with a registered address and a principal place of business at 7718 Cooley Lake Road, Waterford, MI 48327.

12.    Defendant OLD WOODWARD SHOP LLC, upon information and belief, is a limited liability company organized and existing under the laws of the State of Michigan, with a registered address and a principal place of business at 7718 Cooley Lake Road, Waterford, MI 48327. Defendants Mansours, Salim, Kiryakoza, ASHTON SHOP LLC, ASHTON WINE SHOP LLC, ASHTON LIQUOR SHOP LLC, OLD WOODWARD TOBACCO LLC, OLD WOODWARD TOBACCO SHOP LLC, and OLD WOODWARD SHOP LLC, are collectively referred to hereinafter as "Defendants".

## JURISDICTION AND VENUE

13.    These claims arise under the Federal Trademark Act of 1946 as amended, 15 U.S.C. § 1051, *et seq.* (1994) ("Lanham Act"); and the Common Law

and Statutes of Michigan.

14.     This Honorable Court has subject matter jurisdiction over Plaintiff's Lanham Act claims pursuant to 15 U.S.C. §1121 and 28 U.S.C. § 1338.

15.     This Court also has Federal Question Jurisdiction pursuant to Title 28 U.S.C. § 1331 as the action arises under the laws of the United States.

16.     The amount in controversy exceeds seventy-five thousand dollars ($75,000), exc1usive of interest and costs, for the purpose of Diversity Jurisdiction.

17.     Diversity Jurisdiction is proper pursuant to Title 28 U.S.C. § 1332(a)(1) as this is an action between "citizens of different States."

18.     This Court has Supplemental Jurisdiction over the claims arising under the laws of the State of Michigan pursuant to Title 28 U.S.C. § 1367(a) as they are part of the same case or controversy as the claims arising under the laws of the United States.

19.     This Honorable Court has personal jurisdiction over Defendants because, upon information and belief, Defendants have advertised, distributed and held for sale merchandise within the State of Michigan, have engaged in other acts or omissions within the State of Michigan causing injury, have advertised, manufactured or distributed merchandise used or consumed within the State of Michigan in the ordinary course of trade, or have otherwise made or established contact within the State of Michigan sufficient to permit the exercise of personal

jurisdiction.

20. Venue is proper in this District under Title 28 U.S.C. § 1391(b) and (c) and because Defendants conduct substantial business and are subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

21. Since its incorporation on November 13, 1997, HOLT'S has been engaged in the advertising, sale and distribution of cigars, other tobacco products and related products throughout the United States and the world.

22. Due to the high quality of its products and its substantial advertising, promotional, and sales efforts, Plaintiff HOLT'S has achieved nationwide, and indeed worldwide, consumer acceptance and renown for its cigars other related tobacco products, and wine of the highest quality and prestige.

23. Plaintiff HOLT'S is the owner (by prior assignment from related entity Ashton Holdings, Inc. for some of the Registrations) of the following United States Federally Registered Trademarks ("ASHTON® Cigar Marks" or "Plaintiff's Cigar Marks"), in Class 34, for tobacco products, namely "cigars" and related goods and cigar bar services in Classes 41 and 43:

a) ASHTON® Reg. No. 1,885,186 (Registered Mar. 21, 1995)

b) ASHTON® Reg. No. 2,639,893 (Registered Oct. 22, 2002)

c) ASHTON® Reg. No. 2,135, 711 (Reg. Feb. 10, 1998)

d) ASHTON IMPORTED MADE BY HAND (plus design) ®  Reg. No. 2,164,082 (registered June 9, 1998)

e) ASHTON CABINET (plus design) ®          Reg . No. 2,164,001

f) ASHTON SOVEREIGN® Reg. No. 3,426,522 (Registered May 13, 2008)

g) ASHTON SYMMETRY® Reg. No. 4645404 (Registered November 25, 2014)

h) ASHTON VSG VIRGIN SUN GROWN (plus design) ®     Reg. No. 4,040,681 (Registered September 1, 2010)

i) ASHTON CIGAR BAR® Reg. No. 4,614, 487 (Registered January 31, 2013)

j) ASHTON® Reg. No. 1,376,628 (Registered December 24, 1985)


24.    Plaintiff HOLT'S is also the owner of a United States Federally Registered Trademark for ASHTON, Reg. No. 5,551,144, Registered August 28, 2018 ("ASHTON® Wine Mark" or "Plaintiff's Wine Mark"), in Class 33, for alcoholic beverages, namely "wine". The ASHTON® Cigar Marks and the ASHTON® Wine Marks are collectively referred to as the "ASHTON® Marks" or

"Plaintiff's Marks" herein.

25.    Copies of the Certificates of Registration issued by the United States Patent and Trademark Office for the above marks are attached hereto as Exhibits "A" through "K" and co11ectively referred to as the "ASHTON® Registrations".

26.    HOLT'S has spent substantial sums of money to advertise, publicize, and promote its ASHTON® Marks for the sale of its products.

27.    HOLT'S has also spent substantial sums of money to advertise, publicize and promote its ASHTON® Marks in its establishment of retail stores and cigar bars.

28.    Plaintiff has sold its products identified by said ASHTON® Marks in substantial quantities in this Judicial District, throughout the United States and throughout the world.

29.    By virtue of Plaintiff's extensive use of its ASHTON® Marks, its products have become so well known to the trade and purchasing public that said products are recognized as being produced by, emanating from, and/or being associated with Plaintiff.

30.    Plaintiff now owns valuable goodwill which is symbolized by its ASHTON® Marks, and, as a result, the use of said ASHTON® Marks substantially increases the salability of its products.

31.    Long after Plaintiff adopted and used its ASHTON® Marks and

Federally Registered said Marks, Defendants used and are now using Plaintiff's ASHTON® Marks in this District in connection with the name of their tobacco, beer and wine business and the sale of certain cigars, wine and related goods without the consent or authorization of Plaintiff.

32.     Upon information and belief, long after Plaintiff's adoption and use of its ASHTON® Marks in connection with the sale of its products and establishment of its retail stores and cigar bar, Defendants adopted and used, and are now using, in interstate commerce, trademarks, in this Judicial District and elsewhere, namely ASHTON®, that are identical and/or certainly confusingly similar to Plaintiff's Marks, **without** Plaintiff's Consent.

33.     *See e.g.*, Exhibit "L"- Defendants' storefront sign emphasizing a confusingly similar ASHTON mark; Exhibit "M"- Defendants' social media pages from Facebook and Instagram featuring their confusingly similarly "ASHTON WINE SHOP" mark;

34.     *See* Exhibit "N" – pages from Plaintiff's Holt Cigar Company website featuring photographs of goods bearing Plaintiff's authentic ASHTON® marks; Exhibit "O" – pages from Plaintiff's authentic ASHTON® website featuring photographs of goods bearing Plaintiff's authentic ASHTON® marks; and Exhibit "P"- an image of bottles of wine bearing Plaintiff's authentic ASHTON® mark, respectively.

35.     Defendants are infringing upon Plaintiff's proprietary trademark rights in its ASHTON® Marks by advertising their services for selling and offering for sale similar products using these Marks (hereinafter "Infringing Services").

36.     The use of the aforementioned marks by Defendants is confusingly similar to Plaintiff's Marks.

37.     Defendants have intentionally adopted marks confusingly similar to the ASHTON® Marks with the intent of misleading the public into believing that there is a connection between Defendants and Plaintiffs and/or that Plaintiff is affiliated by the business being run by Defendants.

38.     Defendants are **not** licensed by Plaintiff, and at all relevant times were **not** authorized by Plaintiff, or by any authorized agent of Plaintiff, to advertise or perform their services, sell and/or offer for sale products similar to Plaintiff's products under any mark identical or confusingly similar to Plaintiff's Marks.

39.     The activities of Defendants complained of herein were and are done willfully, with knowledge that such conduct was and is in direct contravention of Plaintiff's Marks and other proprietary rights, and were and are likely to confuse, mislead and deceive purchasers and members of the public.

40.     Defendants' multiple violations of Plaintiff's trademark rights entitles Plaintiff to an injunction against continued infringement.

12

## COUNT I
## INFRINGEMENT OF REGISTERED TRADEMARKS
## FEDERAL LANHAM ACT VIOLATION - 15 U.S.C. § 1114(1)(A)

41.     Plaintiff incorporates the foregoing paragraphs by reference as if set forth fully herein.

42.     Plaintiff's ASHTON® Marks are distinctive and have been used throughout the United States and are well known to the trade and members of the purchasing public. The public associates and identifies Plaintiff's Marks with Plaintiff.

43.     Plaintiff's ASHTON® Marks are registered with the United States Patent and Trademark Office ("USPTO") and the ASHTON® (Reg. No. 1,885,186), ASHTON® (Reg. No. 2,639,893), ASHTON® (Reg. No. 2,135, 711), ASHTON IMPORTED MADE BY HAND (plus design) ® (Reg. No. 2,164,082), ASHTON CABINET (plus design)® (Reg. No. 2,164,001), ASHTON SOVEREIGN® (Reg. No. 3,426,522), ASHTON SYMMETRY (Reg. No. 4645404), ASHTON VSG VIRGIN SUN GROWN® (plus design) (Reg. No. 4,040,681), ASHTON CIGAR BAR® (Reg. No. 4,6144,87) and ASHTON® (Reg. No. 5,551,144) Marks, are each incontestable, registered on the USPTO's Principal Register.

44.     Based on Plaintiff's extensive advertising of its ASHTON® Marks, its extensive sales and the secondary meaning acquired so that any advertisement bearing said Marks are immediately associated by relevant purchasers and public as

being an affiliate of Plaintiff.

45.     Defendants' activities as aforesaid constitute Defendants' use in commerce of Plaintiff's Marks.  Defendants used Plaintiff's Marks in connection with Defendants' sale, distribution and advertisement  of their goods or services ("Infringing Services").

46.     Defendants have intentionally used Plaintiff's Marks knowing they are the exclusive property of Plaintiff in connection with the services offered in their tobacco, cigar, beer and wine business.

47.     Defendants' activities create the false and misleading impression that Defendants are sanctioned, assigned, or authorized by Plaintiff to use Plaintiff's Marks to advertise, manufacture, distribute, offer for sale, or sell goods or provide services bearing Plaintiff's Marks when Defendants are not sanctioned, assigned, or so authorized.

48.     Defendants engaged in and continue to engage in the aforementioned activities with the intent to confuse and deceive consumers into believing that Defendants and the services they offer are in some way sponsored,  affiliated, or associated with Plaintiff, when in fact Defendants are not.

49.     Defendants' use of Plaintiff's Marks on Defendants' Infringing Services in its advertising has been without the consent of Plaintiff, is likely to cause confusion and mistake in the minds of the purchasing public and, in particular, tends

to and does falsely create the impression that the services advertised and the goods sold by Defendants are warranted, authorized, sponsored, or approved by Plaintiff when, in fact, its goods and services are not.

50.    Through their unauthorized use of Plaintiff's Marks, Defendants have unfairly benefitted (and continue to benefit) from Plaintiff's advertising and promotion and have profited (and continue to profit) from the reputation of Plaintiff and Plaintiff's Marks—all to the substantial and irreparable injury of the public, Plaintiff, Plaintiff's Marks, and the substantial goodwill represented thereby.

51.    Defendants' acts as aforesaid constitute Trademark Infringement, in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

52.    As a result of Defendants' acts, Plaintiff has suffered and will continue to suffer great damage to its business, goodwill, reputation, profits, and the strength of its ASHTON® Marks. The injury to Plaintiff is ongoing and irreparable. An award of monetary damages is insufficient to fully compensate Plaintiff and Plaintiff lacks an adequate remedy at law.

53.    The foregoing acts of infringement have been and continue to be deliberate, willful, and wanton, making this an exceptional case pursuant to Title 15 U.S.C. § 1117.

54.    Plaintiff is entitled to a permanent injunction against Defendants, as

well as the other remedies available under the Lanham Act including, but not limited to, compensatory damages, treble damages, statutory damages, disgorgement of profits, and/or costs and attorney's fees.

**COUNT II**
**FALSE DESIGNATION OF ORIGIN AND FALSE DESCRIPTION**
**FEDERAL LANHAM ACT VIOLATION -15 U.S.C. § 1125(A)**

55.     Plaintiff incorporates the foregoing paragraphs by reference as if set forth fully herein.

56.     Plaintiff's ASHTON® Marks are individually distinctive and have been used throughout the United States and are well known to the trade and members of the purchasing public. The purchasers and public associate and identify Plaintiff's marks with Plaintiff.

57.     Defendants' conduct in the manufacture, advertising, sale, offering for sale and/or other use of the Infringing Services constitutes false designation of origin or sponsorship of said Services and tends to falsely represent that said Infringing Services originate from Plaintiff or that Defendants have been sponsored, approved, or licensed by Plaintiff or is in some way affiliated or connected with Plaintiff. Such conduct of Defendants are likely to confuse, mislead, and deceive Defendants' customers, purchasers, and members of the purchasing public as to the origin of said Infringing Services, or cause said persons to believe that those Infringing Services, the products the Defendants are selling, and/or Defendants have been sponsored,

approved, authorized, or licensed by Plaintiff or is in some way affiliated or connected with Plaintiff, all in violation of Title 15 U.S.C. § 1125(a).

58.    Defendants' activities as aforesaid constitute Defendants' use in commerce of Plaintiff's Marks. Defendants used Plaintiff's Marks m connection with Defendants' sale, distribution and advertisement of their goods.

59.    Defendants' actions were and are done willfully with full knowledge of the falsity of such designations of origin and false description or representations, and with the express intent to cause confusion, mislead and deceive the purchasing public, to trade upon the high-quality reputation of Plaintiff, and to improperly appropriate the valuable trademark rights of Plaintiff, all to the detriment of Plaintiff.

60.    Defendants' acts as aforesaid constitute false designation of origin, passing off, and false advertising in connection with products or services distributed in interstate commerce, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §l 125(a).

61.    Defendants' unauthorized use of marks confusingly similar to Plaintiff's Marks is greatly and irreparably damaging to Plaintiff in the form of: (a) loss of income; (b) dilution of Plaintiff's Marks; (c) interference with Plaintiff's ability to exploit its own merchandising rights; (d) confusion in the marketplace as to the duly authorized source of products provided in conjunction with Plaintiff's

Marks; and (e) impairment of the goodwill Plaintiff has in its Mark: and, if Defendants' unauthorized use is not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in its Marks and to the respective business, reputation, and goodwill of Plaintiff.

62.     Plaintiff has no adequate remedy at law, and if Defendants' activities are not immediately enjoined, Plaintiff will suffer irreparable harm and injury as a result thereof

63.     Plaintiff will be further harmed by the fact that it has no control over the quality of the Service provided or the goods offered for sale by Defendants and purchasers may attribute to Plaintiff any dissatisfaction with the quality of Defendants' Services.

64.     Defendants' wrongful acts will continue unless enjoined by this Court.

## COUNT III
## VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT

65.     Plaintiff incorporates the foregoing paragraphs by reference as if set forth fully herein.

66.     Defendants' deliberate, intentional, willful and bad faith use of Plaintiff's Marks to market cigars and wine to the same consumer group constitutes an unconscionable business practice within the meaning of the Michigan Consumer Protection Act, 445 MCL §445.903.

18

67.     Defendants' use of a similarly confusing Mark is likely to cause deception among consumers in further violation of the Michigan Consumer Protection Act.

68.     As a direct commercial competitor with HOLT'S, Plaintiff has suffered an ascertainable loss as a result of Defendants' unconscionable business practices.

69.     As a result of Defendants' unlawful actions in violation of the Michigan Consumer Protection Act, Plaintiff is entitled, in addition to all available legal and equitable relief, to the award of treble damages, fees and costs, and attorney's fees as provided by MCL §455.903, 905, and 911.

### COUNT IV
### VIOLATION OF UNFAIR COMPETITION  UNDER MICHIGAN COMMON LAW

70.     Plaintiff incorporates the foregoing paragraphs by reference as if set forth fully herein.

71.     Plaintiff's ASHTON® Marks have acquired fame and a pecuniary and commercial  value to the Plaintiff through  their use in connection  with the sale of cigars

72.     As a result of this continual use, Plaintiff's Marks have achieved a secondary m e a n i n g  and are recognized by the public as inextricably connected to HOLT'S.

73.     The Marks are non-functional as they serve no  purpose other than

19

identification.

74.    Defendants' use of the ASHTON® Marks in association with Defendants' Infringing business name and retail store services is likely to cause confusion as to the services' origin by virtue of the secondary meaning achieved by the Plaintiff's Marks.

75.    As such, Defendants' use constitutes an unprivileged imitation in violation of Michigan Common Law.

76.    Plaintiff is  entitled to a permanent injunction barring Defendants' unauthorized use of the Marks and treble damages for losses sustained by Plaintiff.

## **PRAYER FOR RELIEF**

77.    WHEREFORE, Plaintiff respectfully requests that the Court order the following relief:

a.    Defendants, their agents, servants, employees, attorneys, representatives: successors and assigns and all persons, firms or corporations aiding and/or abetting or in active concert or participation with Defendants, be enjoined and restrained, respectively, as set forth above, during the pendency of this action and then permanently from:

i.    directly or indirectly infringing the above-described Plaintiff's ASHTON® Marks in any manner, including generally, but not limited to, advertising their services using a name that includes ASHTON, or selling, and/or

offering for sale any products which infringe said marks, and specifically,

A. using said ASHTON® Marks or any Marks confusingly similar thereto, including without limitation any of Plaintiff's ASHTON® Marks or any reproduction, counterfeit, copy, or colorable imitation of said Marks in connection with services selling cigar, other tobacco products and related goods, wine, or providing cigar bar services, advertising, sale, offering for sale, and/or other use on any cigar other tobacco products and related goods;

B. applying said ASHTON® Marks or any such reproduction, counterfeit, copy or colorable imitation to any label, sign, print, package, wrapper, receptacle or advertisement used in connection with their services, including physical signs at their place of business, and any social media pages (including, but not limited to Instagram and Facebook) advertising their services, provision, sale, and/or offering for sale, of any cigar or other tobacco products or related goods, or wine; or

ii. using any names or Marks, including without limitation, Plaintiff's ASHTON® Marks that tend to falsely represent that, or are likely to confuse, mislead, or deceive purchasers, Defendants' customers, Plaintiff's customers, or members of the public that unauthorized Infringing Services promoted, provided, advertised, sold and/or offered for sale by Defendants originate from Plaintiff, or

that said services have been sponsored, approved, or licensed by or associated with Plaintiff or are in some way connected or affiliated with Plaintiff;

iii.  engaging in any conduct that tends falsely to represent that, or is likely to confuse. mislead, or deceive purchasers, Defendants' customers, Plaintiff's customers, or members of the public to believe that the actions of Defendants or Defendants themselves are connected with Plaintiff, are sponsored, approved, or licensed by Plaintiff, or are in some way connected or affiliated with Plaintiff;

iv.  affixing, applying, annexing or using in connection with the promotion, provision, or advertising of their services, a false description or representation, including words or other symbols, tending to falsely describe or represent such services as being those of Plaintiff or affiliated with Plaintiff;

v.   otherwise competing unfairly with Plaintiff in any manner or engaging in any unfair or deceptive business practice;

vi. diluting and infringing the aforementioned ASHTON® Marks and damaging Plaintiff's goodwill, reputation and business;

vii. maintaining any products or services which reproduce, copy, imitate or bear a name or mark confusingly similar to Plaintiff's ASHTON® Marks, including any promotional or advertising material, labels, packages, wrappers, containers, or any other items which reproduce, copy, counterfeit, imitate, or bear a name or mark confusingly similar to Plaintiff's' ASHTON® Marks, and any sales and supplier or

22

customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogues, recordings of any type whatsoever and all other business records or documents which concern the provision, advertising, or other Infringing Service bearing the ASHTON® Marks;

b.     Plaintiff be awarded Trebled Actual Damages for Defendants' Trademark Infringement in an amount to be determined at Trial, as set forth in 15 U.S.C. § 1117(b) together with Prejudgment and Post-Judgment Interest;

c.     Plaintiff recover from Defendants their Costs of this action and reasonable Attorneys' Fees pursuant to 15 U.S.C. § 1117(b);

d.     Defendants be ordered to pay to Plaintiff Punitive Damages in such amount sufficient to deter Defendants from future dealing in Infringing Services bearing any reproduction, counterfeit, copy, or colorable imitation of Plaintiff' ASHTON® Marks;

e.     Defendants be ordered to prepare and send a Notice to each of its active customers and each past customer to whom they have provided Infringing Services within the past three (3) years notifying same that Defendants are <u>not</u> affiliated with or sponsored by Plaintiff, and Plaintiff has the exclusive rights to the use of their ASHTON® Marks;

f.     Defendants be ordered to destroy all advertising, signs, and other objects that include Plaintiff' ASHTON® Marks at the conclusion of the present

matter;

g.       Defendants be ordered to file a Compliance Report with the Court and Plaintiff's Counsel detailing the precise manner in which Defendants have complied with the terms of any judgment entered herein, within ten (10) days of the entry of such judgment;

h.       a Permanent Injunction; and

i.       All other and further relief as the Court may deem just and proper under the circumstances.

Respectfully submitted,

/s/ Stephen W. King
Stephen W. King
Michigan Bar ID #56456
SW King & Associates, PLLC
355 S. Old Woodward Avenue, Suite 100
Birmingham, MI 48009
Phone: (248)-792-2398
sking@swkinglaw.com

Dated: August 8, 2025                   /s/ M. Kelly Tillery
                                        M. Kelly Tillery
                                        Saxton & Stump LLC
                                        280 Granite Run Drive, Suite 300
                                        Lancaster, PA  17601
                                        Phone: (717) 556-1034
                                        Fax: (717) 441-3810
                                        ktillery@saxtonstump.com
                                        Attorneys for Plaintiff
                                        HOLT'S COMPANY

## <u>VERIFICATION</u>

I, Sathya Levin, hereby verify that I am the President and CEO of Plaintiff Holt's Company, a Delaware Corporation, and am authorized to make this Verification on behalf of the corporation. I have read the foregoing Complaint and verify that the matters set forth in it are true and correct to the best of my knowledge, information and belief. I understand that false statements made herein are made subject to the penalties of 28 U.S.C. §1746.

Dated: ___8/6/2025___

_____

Sathya Levin
HOLTS COMPANY President and CEO